IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC LIN, | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-11-2689 |
| SPRINGFIELD HOSPITAL CENTER | * | |
| Respondent | * | |

**MEMORANDUM OPINION**

On September 19, 2011, Eric Lin filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention at the Montgomery County Correctional Facility. Petitioner alleged that the Circuit Court for Montgomery County had ordered him involuntarily committed to the Springfield Hospital Center but the Hospital had refused to take custody of him. ECF No. 1. Respondent moves to dismiss the petition on the basis that it is not the proper Respondent as it does not have custody of Petitioner.[1] ECF No. 7. Petitioner has been notified of his right to file an opposition and has responded. ECF Nos. 8, 11, 12 & 13.

**Background**

Petitioner was indicted on July 1, 2010, in the Circuit Court for Montgomery County on two counts of burglary and two counts of theft. ECF No. 7, Ex. 2. On July 23, 2010, the Circuit Court for Montgomery County committed Petitioner to the Department of Health and Mental Hygiene ("DHMH") for an evaluation of his competency and criminal responsibility. *Id*., Ex 2 & 3. DHMH submitted its report on October 2, 2010, opining Petitioner was both competent to stand trial and responsible for the alleged criminal conduct. *Id*., Ex. 3 & 4.

---

[1] Petitioner has filed a Motion for Summary Judgment (ECF No. 6) which shall be denied.

Following a jury trial, Petitioner was found guilty, on January 11, 2011, of count one of the indictment[2] and not guilty as to counts three and four of the indictment. *Id*., Ex. 2. Petitioner was sentenced on September 1, 2011, to a twenty year term of incarceration, commencing on May 24, 2010, with the balance of the sentence suspended and five years supervised probation with conditions. *Id*. On that same date the Circuit Court for Montgomery County ordered Petitioner involuntarily committed to Springfield. *Id*., Ex. 2 & Ex. 5.

The Court was without authority under Maryland law to commit Petitioner involuntarily to a State psychiatric hospital as part of his sentence.[3] Accordingly, on October 19, 2011, the court ordered a pre-sentence psychiatric evaluation and set a re-sentencing hearing for November 21, 2011. *Id*., Ex. 2 & 6. Petitioner was resentenced on November 21, 2011, to a twenty year term of incarceration with a recommendation he be placed at Patuxent. *Id*.

**Analysis**

The proper respondent in a § 2241 proceeding is the Petitioner's custodian. *See* 8 U.S.C. § 2242; *see also* 8 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004) (proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Respondent indicates that Petitioner has not been an inpatient at Springfield at any time since September 19, 2011, the date the instant Petition was filed. ECF No. 7, Ex. 1. Respondent further indicates that were Petitioner a patient at Springfield, the proper respondent would be

---

[2] The Court had previously held count two merged into count one. ECF No. 7, Ex. 2.

[3] The sentencing judge used a form for committing Petitioner to Springfield that could only be used in cases where the Court had already determined the defendant was incompetent to stand trial and not restorable to competency in the foreseeable future. *See* Md. Code Ann. Crim. Pro. §3-106(d)(1).

Paula Langmead, Springfield's Chief Executive Officer. Respondent argues, however, that since Petitioner is not in the custody of Springfield and has not been in the custody of Springfield since the institution of these proceedings, amendment of the Petition and docket to name the CEO would be futile. *Id.*

Petitioner concedes this point, and notes that he is now housed at the Maryland Correctional Institution-Hagerstown. ECF Nos. 11 & 12. Petitioner raises new claims regarding the lawfulness of his confinement. Specifically, Petitioner alleges that his resentencing violated the double jeopardy clause. He also states that he takes issues with the finding that he was criminally responsible and competent to stand trial. These claims, which attack the validity of his conviction and sentence are properly raised in a Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254,[4] not in a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 which challenge the execution of a sentence.

It appears that Petitioner's original §2241 claim, that Springfield has refused to take custody of him, has been mooted by his re-sentencing and transfer to the custody of the Division of Corrections.[5] Additionally, as noted herein he has not named a proper Respondent. As such

---

[4] If Petitioner believes that his state court proceedings and/or sentence are improper he may file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The clerk shall be directed to provide him forms to do so. Lin is advised that 28 U.S.C. § 2244 imposes a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.

[5] It also appears that Petitioner's claims are unexhausted. A petition for writ of habeas corpus whether filed under §§ 2241 or 2254 is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Lin must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

the Petition shall be dismissed without prejudice.

Lin has no absolute entitlement to appeal this court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Lin has failed to demonstrate entitlement to a COA in the instant case.

**Conclusion**

Accordingly, based upon the foregoing reasons, the habeas corpus relief requested shall be denied without prejudice. A certificate of appealability shall not issue and the Clerk shall be directed to close this case.

Date:   March 15, 2012                     /s/
                                              DEBORAH K. CHASANOW
                                              United States District Judge

---

If Lin seeks immediate release he may request relief directly from the Maryland courts by filing a petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997). He may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623 (2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004). There is no evidence that Lin has filed a petition for writ of habeas corpus in state court.

Petitioner is further advised that a person convicted of a criminal offense in Maryland may exhaust his state court remedies either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art.§§ 7-101 et seq. (2001). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Stachowski v. State,* 6 A.3d 907, 920-21 (2010); *Williams v. State*, 438 A.2d 1301, 1305 (1981).